IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| PRECISION FABRICS GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 7:17-cv-3037 |
| | ) | |
| TIETEX INTERNATIONAL, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| PRECISION FABRICS GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 7:17-cv-3038 |
| | ) | |
| TIETEX INTERNATIONAL, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The purpose of this Order is to address the establishment of a briefing schedule for the outstanding motions by Tietex International, Ltd. ("Tietex") and Precision Fabrics Group, Inc. ("PFG") for judgment as a matter of law made during trial pursuant to Federal Rule of Civil Procedure 50(a) and as to which the court reserved ruling. The court held a telephonic hearing on March 19, 2018, to discuss the parties' views on the establishment of a briefing schedule for these and any other post-trial motions.

A jury trial was held from March 5 through 9, 2018. At the

close of PFG's evidence and at the close of all evidence, Tietex orally moved for judgment as a matter of law pursuant to Rule 50(a) as to literal infringement, infringement under the doctrine of equivalents, willful infringement, and PFG's claim for lost profits. At the close of all evidence, PFG also moved pursuant to Rule 50(a) for judgment as a matter of law as to literal infringement, infringement under the doctrine of equivalents, and willful infringement. (Doc. 345.)[1] The court reserved decision on all Rule 50(a) motions and exercised its discretion to submit the case to the jury subject to the court later deciding the legal issues raised in them. Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 406 (2006). On March 9, 2018, the jury returned its verdict in favor of Tietex, finding that Tietex's accused products did not infringe the patents-in-suit, either literally or under the doctrine of equivalents. (Doc. 350.) On March 12, 2018, the clerk of court sua sponte entered judgment, dated March 9, 2018, in favor of Tietex. (Doc. 354.)

As explained more fully during the telephonic hearing and to avoid unnecessary duplication, the court will vacate the judgment previously entered in this case to permit the court to address all Rule 50 motions at one time after the parties have fully briefed

---

[1] Identical versions of the pending motion were filed in each case. All docket references are to case 1:17cv3037, unless otherwise indicated.

the legal issues raised in them.  See Adkins v. Crown Auto, Inc., 488 F.3d 225, 231 (4th Cir. 2007) (noting that district court reserved ruling on Rule 50(a) motion during trial and addressed Rule 50(a) and Rule 50(b) motions together prior to the entry of judgment); Leevson v. Aqualife USA, Inc., No. 14-CV-6905, 2017 WL 5048322, at *1 (E.D.N.Y. Nov. 1, 2017) (noting that the court "reserved judgment on all Rule 50 motions" in complex jury trial and "[a]fter the verdict the court adjourned the case so the parties could fully brief and argue all the issues raised in their motions").  In accordance with the telephonic hearing, the court directs the parties to file their post-trial motions under Rule 50(b) and Rule 59 by April 6, 2018.  Subsequent briefing shall be filed according to the briefing schedule set forth below.  For all these reasons, therefore,

IT IS ORDERED that the judgment previously entered in this case (Doc. 354) is VACATED.  Any party wishing to file post-trial motions pursuant to Rule 50 or Rule 59 shall do so by April 6, 2018.  Responses must be filed within thirty (30) days of the filing of the motion.  Replies to responses must be filed within ten (10) days of the filing of the response.

       /s/   Thomas D. Schroeder
    United States District Judge

March 21, 2018